IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| RANDY GEORGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4181-JLF |
| ) | |
| JULIE CURRY, ROGER WALKER, ) | |
| SHELTON FREY, BECKY WILLIAMS ) | |
| and RICHARD BARD, ) | |
| ) | |
| Defendants. ) | Jury Trial Demanded |

## Complaint

NOW COMES the Plaintiff, Randy George [hereafter "George"], by and through his attorney, John A. Baker, and for his complaint against the defendants, Julie Curry [hereafter "Curry"], Roger Walker [hereafter "Walker"], Shelton Frey [hereafter "Frey"], Becky Williams [hereafter "Williams"] and Richard Bard [hereafter "Bard"], states as follows:

### Jurisdiction

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1331 and Title 28, United States Code, Sections 1983 and 1988. This is a civil action arising under the laws of the United States. Specifically, this is an action brought in furtherance of a certain Act of Congress guaranteeing to citizens of the United States protections against the acts of public officers which infringe upon their rights under the Constitution of the United States.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b) since the actions giving rise to the above captioned proceeding did occur within the judicial district of this Court.

## Parties

1.  George is a citizen of the State of Illinois. At times relevant to this complaint he was employed by the Illinois Department of Corrections at the Tamms Correctional Facility in Tamms, Illinois.

2.  Curry is a citizen of the State of Illinois. At all times relevant to this complaint she was employed by the State of Illinois as the Deputy Chief of Staff to the Governor. She is named in this proceeding individually and, for the limited purpose of implementing equitable relief, in her official capacity as well. At all times relevant to the issues raised in this proceeding Curry was acting in furtherance of her duties with the State and the actions complained of in this matter were undertaken by her under color of law pursuant to her authority in that position.

3.  Walker is a citizen of the State of Illinois. At all times relevant to this complaint he was employed by the State of Illinois as the Director of the Illinois Department of Corrections. He is named in this proceeding individually and, for the limited purpose of implementing equitable relief, in his official capacity as well. At all times relevant to the issues raised in this proceeding Walker was acting in furtherance of his duties with the DOC and the actions complained of in this matter were undertaken by him under color of law pursuant to his authority in that position.

4.  Frey is a citizen of the State of Illinois. At all times relevant to this complaint he was employed by the State of Illinois as the Warden at the Tamms Correctional Center. He is named in this proceeding individually and, for the limited purpose of implementing equitable relief, in his official capacity as well. At all times relevant to the issues raised in this proceeding Frey was acting in furtherance of his duties with the DOC and the actions complained of in this matter were undertaken by him under color of law pursuant to his authority in that position.

5.   Williams is a citizen of the State of Illinois. At all times relevant to this complaint she was employed by the Illinois Department of Corrections at its Tamms Correctional Center. She is named in this proceeding individually and, for the limited purpose of implementing equitable relief, in her official capacity as well. At all times relevant to the issues raised in this proceeding Williams was acting in furtherance of her duties with the DOC and the actions complained of in this matter were undertaken by her under color of law pursuant to her authority in that position.

6.   Bard is a citizen of the State of Illinois. At all times relevant to this complaint he was employed by the State of Illinois as the Deputy Director of the Illinois Department of Corrections. He is named in this proceeding individually and, for the limited purpose of implementing equitable relief, in his official capacity as well. At all times relevant to the issues raised in this proceeding Bard was acting in furtherance of his duties with the DOC and the actions complained of in this matter were undertaken by him under color of law pursuant to his authority in that position.

## Violations of George's Constitutional Rights

7.   George was formerly employed by the Illinois Department of Corrections at the Tamms Correctional Center in Alexander County, Illinois. Throughout his employment with the Illinois Department of Corrections George consistently performed his job duties in a manner consistent with the Department's legitimate expectations. Nonetheless, his position was eliminated, purportedly due to budget cuts, and he was laid off by the Department on June 30, 2004.

8.   For some period of time George has been very active in Republican party politics.

In fact, George has been associated with the Republican party since 1968. He was elected as a Republican to the position of Pulaski County Circuit Clerk from 1993 until 2000. Further, he served as the Republican Party County Chairperson in Pulaski County from 1998 through 2002. It was well known to people in southern Illinois and at the Tamms Correctional Center that George was actively involved in Republican party politics. Further, George had no democratic political sponsor.

9. Curry, Walker, Frey, Williams and Bard all knew of George's political affiliation.

10. Shortly after George's layoff from the Department of Corrections he learned that the Tamms Correctional Center would be hiring for the positions of Business Administrator and Administrative Assistant II. George was exceedingly well qualified for these positions.

11. Neither one of the positions identified in paragraph 10 were of the type that would in any way make political considerations a requisite for them. Neither position involved any discretionary policymaking powers and neither one had any meaningful input into government decision making on issues where there was room for principled disagreement.

12. Due to his qualifications, George applied for both positions identified in paragraph 10.

13. Despite George's superior qualifications for said positions, both positions were filled by individuals who had lesser qualifications.

14. The reason George was passed over for said positions was based upon his political affiliation. The individuals who were awarded the positions were given the positions because of their political affiliation and because they had a sponsor within the Democratic party.

15. That had the positions been filled based upon merit rather than on political party

affiliation George would have been offered both positions.

16. The decision to not offer the positions to George but rather to offer them to individuals who had lesser qualifications was made, on information and belief, by Curry, Walker, Frey, Williams and Bard.

17. That at or near the time that George was laid off in June, 2004 there were many other individuals employed by the Department of Corrections who were also notified that they would be laid off.

18. That of the individuals who were notified that they were going to be laid off every one with the exception of George was offered and accepted alternative employment with the Department of Corrections. George was the only person who actually lost a job at the Tamms Correctional Center.

19. That the decision to sever George's employment with the Department rather than to offer a position to him was made solely because of his affiliation with the Republican party and because he had no sponsor within the Democratic party.

20. That the decision to not offer George a position but rather to sever his employment with the Department of Corrections was, on information and belief, made by Curry, Walker, Frey, Williams and Bard.

21. That as a result of the foregoing conduct, Curry, Walker, Frey, Williams and Bard have violated George's rights under the First Amendment. In this respect, they have retaliated against him because of his political affiliation in: (1) failing to offer him the position of Business Administrator; (2) failing to offer him the position of Administrative Assistant II; and (3) terminating his employment with the Department of Corrections.

22. That as a direct and proximate result of the discriminatory treatment described above George has suffered severe mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life and a loss of wages.

WHEREFORE, George respectfully requests that this Court enter judgment in his favor and against Curry, Walker, Frey, Williams and Bard and provide the following relief:

(a) Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. § 1983 and issue a mandatory injunction against the defendants, to take affirmative steps to ensure that they refrain from engaging in any actions with respect to George, which are prohibited under the terms of the aforesaid Act;

(b) Award George damages sufficient to compensate him for economic losses he has sustained as a result of the conduct of the defendants as well as compensatory damages for any personal injuries sustained because of the conduct of the defendants to the extent compensable under the law;

(c) Award George compensatory, punitive and exemplary damages to the extent permitted by law;

(d) Assess against the defendants the costs and expenses incurred by George in maintaining the above captioned proceeding together with his reasonable attorney fees incurred by him in prosecuting the above captioned cause; and

(e) Provide such other relief as the Court deems to be equitable and just.

**THE PLAINTIFF, RANDY GEORGE, RESPECTFULLY REQUESTS**

**THAT ALL ISSUES RAISED IN THIS COUNT WHICH MAY BY LAW BE PROPERLY TRIED BEFORE A JURY BE TRIED BY A JURY.**

Randy George

By: _____
His Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
(217) 522-3445